# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

### No. 24-4009

### UNITED STATES OF AMERICA,
*Appellee*,

v.

### CHARMAINE MEISHA BROWN,
*Appellant.*

Appeal from the United States District Court
for the District of Maryland, at Greenbelt
The Honorable Theodore D. Chuang

### BRIEF OF THE UNITED STATES

> Erek L. Barron
> United States Attorney
>
> Coreen Mao
> Assistant United States Attorney
>
> H. Gustavo Ruiz
> Special Assistant United States Attorney
>
> 6406 Ivy Lane, 8th Floor
> Greenbelt, MD 20770
> (301) 344-4433
> *Attorneys for the United States*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................ ii
STATEMENT OF JURISDICTION ..................................................................... 1
STATEMENT OF THE ISSUES ........................................................................... 1
STATEMENT OF FACTS ..................................................................................... 1
SUMMARY OF THE ARGUMENT ..................................................................... 6
ARGUMENT ........................................................................................................... 7
   I.  The district court's modification was not clearly erroneous. ........... 7
      A. Standard of Review. .................................................................... 7
      B. The district court did not clearly err in modifying Mrs. Brown's condition of release regarding PII ................................................. 7
CONCLUSION ..................................................................................................... 10
STATEMENT ON ORAL ARGUMENT .......................................................... 11
CERTIFICATE OF COMPLIANCE ................................................................. 12
CERTIFICATE OF SERVICE ............................................................................ 13

# TABLE OF AUTHORITIES

**Cases**

*United States v. Clark* 865 F.2d. 1433 (4th Cir. 1989) .............................. 7
United States v. *O'Brien*, 895 F.2d 810 (1st Cir.1990) ............................. 7
*United States v. Stewart*, 19 F. App'x 46 (4th Cir. 2001) .......................... 7
*United States v. Williams*, 753 F.2d 329 (4th Cir. 1985) .......................... 7

**Statutes**

18 U.S.C. § 1028A ................................................................................... 1
18 U.S.C. § 1349 ..................................................................................... 1
18 U.S.C. § 152(3) ................................................................................... 1
18 U.S.C. § 157 ....................................................................................... 1
18 U.S.C. § 3142 ................................................................................. 7, 8
18 U.S.C. § 3145(c) ............................................................................ 1, 7
18 U.S.C. § 3231 ..................................................................................... 1
18 U.S.C. § 371 ....................................................................................... 1
28 U.S.C. § 1291 ..................................................................................... 1

## STATEMENT OF JURISDICTION

Appellant Charmaine Meisha Brown appeals from an order to modify her conditions of pretrial release entered in the United States District Court for the District of Maryland. The district court had jurisdiction under 18 U.S.C. § 3231. Mrs. Brown timely appealed on December 28, 2023. This Court has jurisdiction under 18 U.S.C. § 3145(c) and 28 U.S.C. § 1291.

## STATEMENT OF THE ISSUES

1. Whether the district court clearly erred in modifying Mrs. Brown's conditions of release.

## STATEMENT OF FACTS

On April 27, 2022, a federal grand jury sitting in the District of Maryland returned an indictment charging Mrs. Brown with five counts of criminal violations, including (1) conspiracy to commit passport fraud, in violation of 18 U.S.C. § 371; (2) conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349; (3) aggravated identity theft in violation of 18 U.S.C. § 1028A; (4) bankruptcy fraud, in violation of 18 U.S.C. § 157; and (5) making false statements in a bankruptcy proceeding, in violation of 18 U.S.C. § 152(3). ECF No. 1. Notably, the Indictment alleges that

1

Mrs. Brown participated in a scheme to procure United States passports for non-United States citizen family members who were not entitled to such passports through fraudulent means, including the use of false statements and identity documents; a scheme to defraud the State of Maryland involving a co-conspirator assuming the identity of another individual ("Individual F"); and a scheme to discharge debts and tax obligations in bankruptcy proceedings by using the name and identity of Individual F.

On May 20, 2022, Mrs. Brown had her initial appearance before the Honorable Timothy J. Sullivan, who ordered her released pending trial subject to several conditions. ECF No. 24. Those conditions included "[n]ot to possess PII [Personal Identifying Information] of any other person (except [her] children]." ECF No. 27. The order placed no restriction on Mrs. Brown's ability to seek employment or work while on pretrial release. *See id.*

On December 20, 2022, Mrs. Brown filed a motion to modify the condition of release relating to PII. ECF No. 56. The motion proposed no specific prospective employment opportunity that Mrs. Brown sought to obtain. *See id.* For that reason, the position of the Government and Pre-

2

trial was that, "without specific information as to the job and its requirements, pre-trial cannot adequately fashion and verify controls that would prevent against the misuse of PII." *Id.* ¶ 8. On December 21, 2022, the Honorable Timothy J. Sullivan denied Mrs. Brown's motion, ECF No. 56, without prejudice, noting "[d]efendant has not presented sufficiently specific information for the Court to find that modification of conditions of release is warranted." ECF No. 57.

On July 21, 2023, Mrs. Brown filed a second motion to modify the conditions of her release, reiterating her request for modification of the condition regarding PII. ECF No. 88 at 2-3. This motion similarly did not propose any specific prospective employment opportunity that Mrs. Brown sought to obtain, and the Government and Pre-trial repeated their position that it needed further information to evaluate any opportunity and to prevent against the misuse of PII. *Id.* at 4-5. On July 24, 2023, the Honorable Timothy J. Sullivan scheduled a detention review hearing on July 31, 2023. ECF No. 94. On July 31, 2023, following the hearing, the Honorable Timothy J. Sullivan denied Mrs. Brown's second motion without prejudice. ECF No. 95.

3

On August 15, 2023, Mrs. Brown filed a third motion to modify the conditions of her release. ECF No. 100. She again reiterated her request for modification of the condition regarding PII, without providing any new information. The Government opposed that motion for the same reasons as before. ECF No. 102. On September 11, 2023, the Honorable Timothy J. Sullivan denied Mrs. Brown's third motion. ECF No. 103.

On September 18, 2023, Mrs. Brown filed a motion asking the Honorable Theodore D. Chuang to review her conditions of release. ECF No. 104.

On October 18, 2023, the U.S. Probation Officer supervising Mrs. Brown submitted a memorandum to the Honorable Timothy J. Sullivan with a notice of apparent violation of Mrs. Brown's conditions of release. According to that memorandum, on October 9, 2023, Mrs. Brown emailed her supervising Probation Officer an offer letter she signed with Credit Sage, a credit repair services company. The Probation Offer contacted Credit Sage and learned that in her new role, Mrs. Brown would have access to customer PII including social security numbers and dates of birth. The Probation Officer advised Mrs. Brown that she could not work at Credit Sage because her employment there would require her to access

4

PII. Mrs. Brown told her Probation Officer that "she would still continue to work there even if she did have access to PII, and that [the Probation Officer] 'would just have to violate her for it.'" **Exhibit 1**. On October 25, 2023, a Bail Review Hearing was held before the Honorable Timothy J. Sullivan. ECF No. 107. Mrs. Brown's condition regarding PII remained the same after the hearing.

On December 12, 2023, the Honorable Theodore D. Chuang held a hearing on Mrs. Brown's motion. ECF No. 111.[1] Following that hearing, on December 15, 2023, the Honorable Theodore D. Chuang modified the condition regarding PII, to allow for the possession of others' PII in the physical presence of the PII owner (*e.g.*, a retail position). ECF No. 119. The condition, as revised, reads as follows:

> Not to open any bank accounts and/or lines of credit without prior Pretrial Services approval. Not to possess and/or access Personal Identifying Information (PII) of any other person (except your own children), without the consent and in the physical presence of the PII owner, and/or a supervisor. The Court has determined that PII in this case to be a person's social security number, date of birth, passport number, credit card numbers, and bank account numbers. Any possession and/or access to PII must be preapproved by Pretrial Services.

*Id.*

---

[1] A transcript of that hearing has not been ordered. The Government seeks leave to file the transcript when received.

5

On December 28, 2023, Mrs. Brown filed a notice of appeal. Trial in this case is set for April 15, 2024. ECF No. 113.

## SUMMARY OF THE ARGUMENT

It was not clearly erroneous for the district court to set reasonable restrictions on Mrs. Brown's access to PII, given that she has been indicted by a federal grand jury on multiple fraud counts, including Aggravated Identity Theft. Indeed, the lower courts are generally afforded wide discretion in fashioning conditions of release that are tailored to the unique circumstances of the defendant and the unique circumstances of the crimes at issue. Here, a U.S. Magistrate Judge had repeated hearings with Mrs. Brown on this issue and held that the conditions were appropriate. An appeal was then made to a United States District Judge, who also conducted a hearing and who concurred in large part with the reasonable restrictions and safeguards put in place here. Not content with the District Court's partial grant of relief, Mrs. Brown now asks this Court to give her carte blanche access to PII in whatever job she may find. Her claims should be rejected because both the U.S. Magistrate Judge and the U.S. District Judge properly exercised their discretion here.

## ARGUMENT

I. **The district court's modification was not clearly erroneous.**

　A. **Standard of Review.**

Appellate courts review final detention orders under a clearly erroneous standard. *United States v. Clark,* 865 F.2d 1433, 1437 (4th Cir. 1989) (en banc); *United States v. Williams*, 753 F.2d 329, 333 (4th Cir. 1985). "The standard of review for pretrial detention orders under 18 U.S.C. § 3145(c) is one of independent review, with 'deference to the determination of the district court.'" *United States v. Stewart*, 19 F. App'x 46, 48 (4th Cir. 2001) (citing *United States v. O'Brien,* 895 F.2d 810, 814 (1st Cir. 1990)).

　B. **The district court did not clearly err in modifying Mrs. Brown's condition of release regarding PII.**

18 U.S.C. § 3142 prescribes that "[u]pon the appearance before a judicial officer of a person charged with an offense, the judicial officer shall issue an order that, pending trial the person be (1) released on personal recognizance or upon execution of an unsecured appearance bond . . . (2) released on a condition or combination of conditions under subsection (c) of this section; (3) temporarily detained to permit revocation of conditional release, deportation, or exclusion under

7

subsection (d) of this section; or (4) detained under subsection (e) of this section."

In turn, subsection (c) states that "[i]f the judicial officer determines that the release [on personal recognizance or upon the execution of an unsecured bond] will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community, which may include the condition that the person . . . (xiv) satisfy any other condition that is reasonably necessary to assure the appearance of the person as required and to assure the safety of any other person and the community." 18 U.S.C. § 3142(c).

Here, Mrs. Brown is charged with, passport fraud and wire fraud conspiracies, aggravated identity theft, and bankruptcy fraud. The grand jury indictment alleges that Mrs. Brown participated in several schemes involving the fraudulent use of identity documents to (1) procure United States passports for individuals not entitled to such passports; (2) to defraud the State of Maryland using the identity of another individual; and (3) discharge debts and tax obligations in bankruptcy proceedings by using the name and identity that other individual. Based on this information alone, it was not clearly erroneous for the district court to set

8

reasonable restrictions on Mrs. Brown's access to PII in order to secure the safety of the community.

The conditions of release set by the district court are reasonable and necessary. Mrs. Brown has been indicted by a federal grand jury for Aggravated Identity Theft and other charges that involve misuse of other another individual's identity, including the individual's date of birth and social security number. The Aggravated Identity Theft is alleged to have occurred over a years-long timeframe, from approximately August 2016 through April 2021. Another charge against Mrs. Brown is for conspiracy to commit passport fraud for the years-long timeframe of approximately December 2014 through April 2021, involving Mrs. Brown and her co-defendant (who has pled guilty to this charge) procuring or attempting to procure United States passports through fraudulent means, including the use of false statements and fraudulent identity documents. Another charge against Mrs. Brown is for bankruptcy fraud, wherein the grand jury alleges that Mrs. Brown prepared a bankruptcy petition using the name and partial social security number of Individual F.

Against the backdrop of these serious charges, it was not clearly erroneous for the district court to set reasonable restrictions on Mrs.

9

Brown's access to PII. These restrictions are necessary to guard against the continued appropriation and misuse of other individuals' PII. Further, it was not clearly erroneous for the district court, taking Mrs. Brown's difficulties into consideration, to loosen the PII restriction to allow for her possession of PII in the presence of its owner or a job supervisor. These restrictions reasonably balance Mrs. Brown's desire to seek employment opportunities against her risk of non-appearance and the safety of the community.

## CONCLUSION

For those reasons, this Court should affirm.


Respectfully Submitted,

Erek L. Barron
United States Attorney

/s/
———————————————
Coreen Mao
Assistant United States Attorney

H. Gustavo Ruiz
Special Assistant United States Attorney

10

## STATEMENT ON ORAL ARGUMENT

The United States respectfully submits that oral argument is not necessary in this case. The legal issues are not novel, and oral argument likely would not aid the Court in reaching its decision.

## CERTIFICATE OF COMPLIANCE

1. This brief was prepared using Microsoft Word, Century Schoolbook, 14-point font.

2. Excluding the corporate disclosure statement; table of contents; table of authorities; statement on oral argument; any addendum containing statutes, rules, or regulations; and the certificate of service, this brief contains 1974 words.

I understand that a material misrepresentation can result in the Court's striking the brief and imposing sanctions.

/s/
H. Gustavo Ruiz
Special Assistant United States Attorney

## CERTIFICATE OF SERVICE

I certify that, on February 9, 2024, I electronically served a copy of this brief to all counsel of record via CM/ECF.

/s/
H. Gustavo Ruiz
Special Assistant United States Attorney

13